DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 1:05CR434 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER (Resolving Doc. No. 51) |
| Jomill Gonzalez, ) | |
| ) | |
| Defendant. ) | |
| ) | |

I.  Introduction

The defendant Jomill Gonzalez has filed a motion for a new trial following his conviction on a superceding indictment which charged him with possessing with intent to distribute and distributing 500 grams or more of cocaine in violation of 21 U.S.C. 841 (a)(1) and (b)(1)(B) and Title 18, U.S.C. , Section 2.[1]  Unlike the superseding indictment, the original indictment only

---

[1] The government invoked the provisions of Evidence Rule 801 (d) (2) (E) and presented testimony through codefendant Antonio Rodriguez of incriminating statements concerning the defendant Jomill Gonzalez made by an uncharged co-conspirator who claimed to be the uncle of Gonzalez and who introduced Gonzalez to Rodriquez, according to Rodriquez.  Rodriquez further testified that the uncle solicited the assistance of Rodriquez in introducing Gonzalez to cocaine customers of Rodriquez and to provide instruction to Gonzalez as to how to effectively engage in cocaine transactions.  As a consequence of the reliance of the government on a theory of conspiracy, in order to take advantage of Rule 801(d)(2)(E), even though the offense of conspiracy was not charged, the Court reasoned that the issue of the amount of cocaine chargeable to Gonzalez should be submitted to the jury as a supplemental interrogatory in the event the jury found Gonzalez guilty.  The jury then determined that the amount of cocaine chargeable to Gonzalez was less than 500 grams.  Rodriquez had testified that his previous cocaine transactions during which Gonzalez acted as his driver involved his usual pattern of selling not more than one or two ounces of cocaine.  In the Court's view, given the Rodriguez testimony concerning small cocaine transactions during which Gonzalez was present coupled with the nature of the secret compartment in the Sanchez vehicle conctaining the one kilo of

(continued...)

(1:05CR434)

charged distribution of 500 grams or more of cocaine. In some, the superseding indictment added the concept of possession with intent to distribute 500 grams or more of cocaine.

## II. The Government's Case

As the testimony developed, in the light most favorable to the government, the codefendants, Rodriguez and Sanchez, entered into an agreement with a confidential informant, Amad Silmi, to deliver to him a kilo of cocaine in return for payment. The proposed transaction began to take place at the business place of Silmi with law enforcement officers present in a vehicle to observe the transaction.

In preparation for the delivery of the cocaine, the codefendants Rodriguez and Sanchez, drove to the business place of Silmi in a vehicle registered to the defendant Jomill Gonzalez. Gonzalez arrived shortly after in a vehicle registered to the defendant Sanchez. Rodriguez and Sanchez recovered from the Sanchez vehicle, in a hidden compartment underneath the front passenger seat, the cocaine that was to be sold to Silmi, at which point law enforcement officers moved in and arrested the three defendants, Rodriguez, Sanchez and Gonzalez, as well Silmi. As the testimony developed, it was evident that the kilo of cocaine was never delivered to Simi due to the intervening arrest and seizure of the cocaine. So it appears to the Court that the superseding indictment, adding the additional charge within the count of "possession with intent to distribute" was deemed necessary by the government.

## III The Court's Initial Jury Instruction

---

[1](...continued)
cocaine, the jury's finding that the amount of cocaine attributable to Gonzalez was less than 500 grams rather than 500 grams or more of cocaine was justified.

(1:05CR434)

The trial was very short. Only three witnesses testified. First, codefendant Rodriquez, then the confidential informant, Amad Silmi, who is awaiting sentencing before another judge of this court for a cocaine conviction and an investigating law enforcement officer who was involved in the arrest and the seizure of the one kilo of cocaine. The defendant did not offer any testimony. The Court followed its usual custom of instructing the jury prior to final argument using a written charge and with a copy of the charge provided to each juror. The government had provided a proposed jury charge which the Court was using with some modifications.

Selected portions of the initial charge follow:

>...The indictment charges that on or about the 10th day of August, 2005, in the Northern District of Ohio, Eastern Division, the defendant, JOMILL GONZALEZ, along with co-defendants Antonio Rodriguez and Hector Sanchez, did knowingly and intentionally possess with intent to distribute and did distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, Section 841(a), United States Code and Title 18, Section 2, United States Code.
>
>...
>
>The essential elements of the distribution of a controlled substance, each of which the government must prove beyond a reasonable doubt, are:
>
>>First: that the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of a controlled substance, in this case cocaine; and
>>
>>Second: that the defendant possessed the cocaine with intent to deliver it, or a portion of it, to someone else.
>
>It is not necessary for you to be convinced that the defendant actually delivered the controlled substance to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a

(1:05CR434)

reasonable doubt, that the defendant had in his possession what he knew was a controlled substance and that he intended to deliver it to someone else.

You need not find that the amount of cocaine attributed to the defendant was 500 grams or more so long as you find that the defendant aided and abetted in the possession and distribution of some amount of cocaine....

...

For you to find the defendant guilty of knowingly and intentionally possessing with intent to distribute and distributing 500 grams or more of a mixture or substance containing a detectable amount of cocaine, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of knowingly and intentionally possessing with intent to distribute and distributing 500 grams or more of a mixture or substance containing a detectable amount of cocaine as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A)  First, that the crime of possessing with the intent to distribute and distribution was committed.

    (B)  Second, that the defendant helped to commit the crime.

    (C)  Third, that the defendant intended to help commit the crime.

...

You need not find that the amount of cocaine attributed to the defendant was 500 grams or more so long as you find that the defendant aided and abetted in the possession and distribution of some amount of cocaine.

...

(1:05CR434)

> The government must prove, beyond a reasonable doubt, that the defendant intended to distribute and did distribute the controlled substance alleged in the indictment.

After the Court read the initial instructions to the jury, counsel for the government brought to the Court's attention its position that a finding of guilt of the superseding indictment, while charging the criminal conduct with the use of the conjunctive "and " could be established in the event the jury found in the disjunctive, i.e., that the defendant possessed the cocaine with the intent to distribute and without the necessity of proving the distribution.

Over the defendant's objection, the Court then submitted a written supplemental instruction to each member of the jury which stated in its entirety as follows:

> The Court finds it necessary to issue a further instruction.
>
> The initial indictment in this case charged that the defendants "did knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine."
>
> Subsequently, the grand jury issued a "superseding indictment" which charged that the defendants "did knowingly and intentionally possess with intent to distribute and did distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine."
>
> In effect, the superseding indictment added the phrase "possess with intent to distribute."
>
> Under the law, the prosecution need prove beyond a reasonable doubt that the defendant Jomill Gonzalez, actively or as an aider and abettor, did either possess with intent to distribute a mixture or substance containing a detectable amount of cocaine or did distribute a mixture or substance containing a detectable amount of cocaine.
>
> Again, I remind you that the government must prove by proof beyond a reasonable doubt that the defendant either knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of

5

(1:05CR434)

cocaine or, in the alternative, the government must prove by proof beyond a reasonable doubt that the defendant did distribute a mixture or substance containing a detectable amount of cocaine.

The Court also again instructs you that the government, in this case, has relied upon the claim that the defendant aided and abetted the crime charged and proof that the defendant acted as an aider or abettor must be established by proof beyond a reasonable doubt.

### V. A Summary of the Motion for a New Trial

In support of the motion for a new trial, the defendant argued that the "conflicting and improper jury instruction caused confusion with the jury and that the Assistant United States Attorney incorrectly stated the law to the Court".

As a consequence, the defendant contended that his constitutional and due process rights were violated requiring a new trial.

### VI. The Court's Ruling

The superceding indictment charged a violation of 21 U.S.C. § 841 (a) (1). That section of the code states it shall be unlawful for any person to knowingly or intentionally –

(1) To manufacture, distribute or disperse *or* possess with intent to manufacture, distribute or dispense, a controlled substance. (Emphasis added)

The right of the government to charge criminal conduct in the conjunctive and establish guilt in the disjunctive when the statute so provides has been the law of the land for many decades. The government has properly called to the attention of the court *Price v. United States,* 150 F.2d 283, 285 (5th Cir. 1945) which provides the following instruction:

When several acts specified in a statute are committed by the same person, they may be coupled in one count as together constituting one offense although a disjunctive word is used in the statute, and proof of any one of the acts joined in

6

(1:05CR434)

>the conjunctive is sufficient to support a verdict of guilty. So where as here, the indictment charged that the defendant did unlawfully remove, deposit, and conceal, it was enough to prove any one. *Crain v. United States,* 162 U.S. 625, 634-636, 16 S.Ct. 952, 40 L.Ed. 1097.

*United States v. Murph,* 707 F. 2d 895, 896-97 (6th Cir. 1983) confirms *Price,* supra, holding that "It is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively.'

The defendant offered no testimony. Defendant's counsel in his opening statement did not present any argument that could be interpreted as a suggestion that the government could not prove both a possession with intent to distribute and an act of distribution.

The Court presented the jury with the supplemental jury instruction prior to final argument. The Court finds that no violation of a constitutional or due process right under the circumstances as outlined herein. Consequently, the defendant's motion for a new trial is DENIED.

IT IS SO ORDERED.


  December 30, 2005                          */s/ David D. Dowd, Jr.*
Date                                         David D. Dowd, Jr.
                                             U.S. District Judge