DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 1:05 CR 434 |
| Plaintiff, ) | |
| ) | |
| v. ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| Jomill Gonzalez, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The defendant's sentencing hearing is scheduled for February 21, 2006. The Court has received the Pre-Sentence Report and it contains the government's objection to the determination of the offense level. It is the Court's understanding that the defendant has not opposed the offense level determination which is based on a determination that the amount of cocaine chargeable to the defendant is between 400 and 500 grams of cocaine. The Court is uncertain how that determination was made.

The evidence in this case, viewed in a light most favorable to the government, is that the defendant had participated with the co-defendant on several occasions as a driver when the co-defendant sold one or two ounces of cocaine. In the event at hand, the defendant was instructed to drive the co-defendant's car which contained a secret compartment where the offending cocaine was located, in the amount of nearly one kilogram of cocaine, according to the government's response. The government makes the argument that the defendant stipulated that the cocaine seized was the amount claimed. The government then argues that because of the

(1:05 CR 434)

stipulation, the defendant is not permitted to enjoy the benefit of the jury's finding that the defendant was chargeable with less than the amount stipulated, a position that the Court opposes.

The government also argues that the decision in *United States v. Wilson*, 168 F.3d 916, 922 and n. 4 (6th Cir. 1999), supports its claim that a defendant carrying a suitcase of drugs was accountable for the full amount, regardless of his knowledge or lack of knowledge of the actual amount or type of that controlled substance. The government argues that the jury's finding of the defendant's knowledge as to the weight is irrelevant.

The Court is not prepared to decide the issue of the relevance of *Wilson* at this time. However, the Court notes that it permitted the government to pursue the claim of a conspiracy and thus allowed the co-defendant to testify as to comments of an unindicted co-conspirator which connected the defendant to the conspiracy. As a consequence, the Court determined to give the jury the issue of the amount of the cocaine chargeable to the defendant as a member of the conspiracy and the jury determined it was less than 500 grams, thus eliminating the issue of a mandatory minimum sentence of five years.

In the Court's view, setting aside the relevance of *Wilson*, the Court's responsibility is to determine, independent of the pre-sentence report, the amount of cocaine chargeable to the defendant. In that context, the Court reminds counsel that the co-defendant testified to sales of one to two ounces of cocaine as his custom and that he did not deal in kilo amounts of cocaine. Moreover, the vehicle containing the secret compartment in which the offending cocaine was located was not the defendant's vehicle. No testimony was offered by the co-defendant

(1:05 CR 434)

Rodriguez that the defendant, directed to drive the offending vehicle, knew that it contained any cocaine or the amount of the cocaine.

The Court observes that, if it determines that the amount of cocaine chargeable to the defendant was 2 ounces or over 50 grams, the offense level is 16 and not 24.

Any supplemental sentencing memorandum should be filed by counsel by 4:00 P.M. on Monday, February 20, 2006.

IT IS SO ORDERED.

| | |
|---|---|
| February 16, 2006 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |