DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jomill Gonzalez, ) | |
| ) | CASE NO. 1:08 CV 1555 |
| Petitioner-Defendant, ) | (Criminal Case No. 1:05 CR 434) |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent-Plaintiff. ) | |
| ) | |

I. Introduction

The petitioner seeks habeas relief from his conviction and sentence. The defendant is presently serving a sentence of 60 months following his conviction and the appeal of the government which successfully challenged the Court's initial sentence of 30 months following the petitioner's jury conviction. The thrust of the petitioner's claim for habeas relief is that he was denied the effective assistance of counsel during his trial. The Court conducted an evidentiary hearing on October 8, 2008 during which his trial counsel testified. (*See* Docket No. 121).

Counsel for the petitioner and the government then filed post evidentiary hearing briefs (Docket Nos. 124 and 125, respectively). Based on the Court's analysis which follows, the Court finds that the petitioner was denied the effective assistance of counsel and grants the writ.

II. A Review of the Pleadings

The initial indictment, filed on August 31, 2005 charged as follows:

The Grand Jury charges:

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

> On or about August 10, 2005, in the Northern District of Ohio, Eastern Division, ANTONIO RODRIGUEZ, HECTOR SANCHEZ, and JOMILL GONZALEZ, defendants herein, did knowingly and intentionally distribute 500 grams or more of a mixture of substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

Subsequently, a superceding indictment was filed on September 14, 2005 which charged as follows:

> The Grand Jury charges:
>
> On or about August 10, 2005, in the Northern District of Ohio, Eastern Division, ANTONIO RODRIGUEZ, HECTOR SANCHEZ, and JOMILL GONZALEZ, defendants herein, did knowingly and intentionally possess with intent to distribute *and* did distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2. (Emphasis added).

### III. The Government's Requested Jury Instructions

The United States Attorney's Office in this district, almost without exception, provides the Court, prior to the commencement of the trial, proposed jury instructions. Counsel for the government followed that practice. Its proposed jury instruction number 14, which ignored the text of the superseding indictment, stated as follows:[1]

PROPOSED JURY INSTRUCTION NO. 14

Summary of Count 1, Statute Defining Offense

---

[1] Docket 41, Proposed Jury Instructions by United States of America.

2

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

and Essential Elements:

**POSSESSION WITH INTENT TO DISTRIBUTE**

21 U.S.C. § 841(a)(1)

A.  Charge:

The indictment charges that on or about the 10th day of August, 2005, in the Northern District of Ohio, Eastern Division, the defendant, JOMILL GONZALEZ, along with co-defendants Antonio Rodriguez and Hector Sanchez, did possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, Section 841(a), United States Code and Title 18, Section 2, United States Code.  (Emphasis added).

Title 21, Section 841(a) of the United States Code states in part that "it shall be unlawful for any person knowingly or intentionally to ... possess with intent ... distribute ... a controlled substance."

The essential elements of the distribution of a controlled substance, each of which the government must prove beyond a reasonable doubt, are:

First: that the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of a controlled substance, in this case cocaine; and

Second: that the defendant possessed the cocaine with intent to deliver it, or a portion of it, to someone else.

It is not necessary for you to be convinced that the defendant actually delivered the controlled substance to someone else, or that he made any money out of the transaction.  It is enough for the government to prove, beyond a reasonable doubt, that the defendant had in his possession what he knew was a controlled substance and that he intended to deliver it to someone else.

The Court did not adopt proposed jury instruction number 14, but rather instructed the

3

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

jury, in reliance on the text of the superseding indictment, as follows:[2]

> COURT: ... Summary of count, statute defining offense and essential elements.
>
> The indictment charges that on or about the 10th day of August, 2005, in the Northern District of Ohio, Eastern Division, the defendant Jomill Gonzalez along with co-defendants Antonio Rodriguez and Hector Sanchez <u>did knowingly and intentionally possess with intent to distribute *and* did distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine</u>, a Schedule II controlled substance, in violation of Title 21, Section 841(a), United States Code, and Title 18, Section 2, United States Code. (Emphasis added)
>
> Title 21, Section 841(a) of the United States Code states in part that "It shall be unlawful for any person knowingly or intentionally to possess with intent, distribute, a controlled substance."
>
> I instruct you again as a matter of law that cocaine is a Schedule II controlled substance.
>
> The essential elements of the distribution of a controlled substance, each of which the government must prove beyond a reasonable doubt, are, first, that the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of a controlled substance, in this case cocaine, and second, that the defendant possessed with intent to deliver it or a portion of it to someone else.
>
> It is not necessary for you to be convinced that the defendant actually delivered the controlled substance to someone else or that he made any money out of the transaction.
>
> It is enough for the government to prove beyond a reasonable doubt the defendant had in his possession what he knew was a controlled substance and he intended to deliver it to someone else.

---

[2] Document 85, Transcript of Trial Proceedings, p. 244, line 6 - p. 247, line 13.

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

>You need not find that the amount of cocaine attributed to the defendant was 500 grams or more so long as you find the defendant aided or abetted – aided and abetted in the possession and distribution of some amount of cocaine.
>
>Aiding and abetting.  Title 18, Section 2 of the United States Code states in part that "Whoever commits an offense against the United States or aid, abets, counsels, commends, induced or procures its commission is punishable as a principal."
>
>For you to find the defendant <u>guilty of knowingly and intentionally possessing with intent to distribute *and* distributing 500 grams or more of a mixture or substance containing a detectable amount of cocaine</u>, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped someone else to commit the crime.  A person who does this is called an aider and abettor.  (Emphasis added).
>
>But for you to find the defendant guilty of knowingly and <u>intentionally possessing with intent to distribute *and* distributing 500 grams or more of a mixture or substance containing a detectable amount of cocaine</u> as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt: (Emphasis added).
>
>>A.  First, that the crime of possessing with intent to distribute and distribution was committed.
>>
>>Second, that the defendant helped to commit the crime.
>>
>>Third, that the defendant intended to help commit the crime.
>
>Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

> What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.
>
> You need not find that the amount of cocaine attributed to the defendant was 500 grams or more so long as you find that the defendant aided and abetted in the possession and distribution of some amount of cocaine.
>
> If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have reasonable doubt about any one of these elements, then you cannot find the defendant guilty of possessing cocaine with the intent to distribute as an aider and abettor.

It is apparent that the government's initially proposed jury instruction ignored the fact of the superseding indictment, but the Court's jury instruction incorporated specifically the allegations set forth in the superseding indictment including the use of the conjunction "and" in setting forth the elements of the offense.[3]

---

[3]  The Court's frustration with the use of the word "and" in the superseding indictment surfaced during the following colloquy with government's counsel at the evidentiary hearing conducted on October 8, 2008:

> THE COURT: Well, I don't know why you pled it the way you pled it.  I don't know who the genius was that wrote the superseding indictment, but the difficulty began with the use of the word conjunction "and" not "or."
>
> MR. BECKER: I didn't indict and I didn't supercede it.
>
> THE COURT: I can readily believe that, Mr. Becker.  I don't think you would have done it that way.
>
> MR. BECKER: No, I would not have, your Honor.

Document 121, p. 22, lines 10-18.

6

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

### IV. The Supplement to the Jury Instructions

It is the Court's practice to read the jury instructions prior to final argument and to give each member of the jury a copy of the jury instructions. Thereafter, counsel proceeds with final argument and may direct the jury to any part of the jury instruction considered appropriate.

The Court followed that practice in this case and as a consequence, its initial jury instruction incorporated the allegations in the superseding indictment, even though the government's proposed jury instructions had ignored the text of the superseding indictment.

After the Court had concluded reading the jury instructions to the panel, counsel for the government requested the opportunity to confer with the Court at sidebar. After discussing the government's concerns at sidebar, the Court excused the jury and continued the discussion with counsel on the record. *See* Document 85, Transcript of Trial Proceedings, pp. 260 through 267. The Court's sidebar conferences were not recorded, but the Court was persuaded by counsel for the government that it should provide a supplemental instruction to the jury prior to final argument.

The supplemental jury instruction stated:[4]

> The Court finds it necessary to issue a further instruction.
>
> The initial indictment in this case charged that the defendants "did knowingly and intentionally distribute 500 grams or more of a mixture of substance containing a detectable amount of cocaine."
>
> Subsequently, the grand jury issued a "superseding indictment" which charged that the defendants "did knowingly *and*

---

[4] Document 85, Transcript of Trial Proceeding, p. 267, line 4 - p. 268, line 15.

7

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

>intentionally possess with intent to distribute and did distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine." (Emphasis added).
>
>In effect, the superseding indictment added the phrase "possess with intent to distribute."
>
>Under the law, the prosecution need prove beyond a reasonable doubt that the defendant Jomill Gonzalez, actively or as an aider and abettor, <u>did either possess with intent to distribute a mixture or substance containing a detectable amount of cocaine *or* did distribute a mixture or substance containing a detectable amount of cocaine.</u> (Emphasis added).
>
>Again, I remind you that the government must prove by proof beyond a reasonable doubt that the defendant either knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, or, in the alternative, the government must prove by proof beyond a reasonable doubt that the defendant did distribute a mixture or substance containing a detectable amount of cocaine.
>
>The Court also again instructs you that the government, in this case, has relied upon the claim that the defendant aided and abetted the crime charged and proof that the defendant acted as an aider or abettor must be established by proof beyond a reasonable doubt.

### V. The Sixth Circuit's Discussion on Direct Appeal of the Petitioner's Claim of the Denial of the Effective Assistance of Counsel

Judge Gilman's thoughtful opinion signaled the probability of this petition as he opined:

>Gonzalez's final argument is based on his contention that he received the ineffective assistance of counsel at trial. <u>Certain elements of this case indicate that such a claim is at least plausible.</u> Nearly all of the testimony against Gonzalez came from Rodriguez – a quadruply convicted felon who was admittedly "high" on various drugs during nearly all of the events to which he testified. Despite this, defense counsel Dubyak presented no case-in-chief. <u>Gonzalez, moreover, also suggests that Dubyak might have misinterpreted the sole count contained in Gonzalez's indictment as requiring the government to prove both possession and distribution rather than either one singly.</u> Finally, the

8

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

> district court noted that Dubyak failed to file a sentencing memorandum despite the court's specific invitation to do so. At one point during sentencing, Dubyak even stated to the court "I apologize for my lack of intellect." (Emphasis added).
>
> We generally decline, however, to address claims of ineffective assistance of counsel on direct review. *United States v. Barrow*, 118 F.3d 482, 494 (6th Cir. 1997) ("The more preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. § 2255, whereby the parties can develop an adequate record." (Quotation marks omitted)). <u>Because Gonzalez's ineffective-assistance-of-counsel claim requires a fact-specific examination of Dubyak's alleged performance deficiencies, and because a full understanding of those issues is not readily discernable from the present record</u>, we find no reason to depart from our established practice of deferring consideration of such claims to a proceeding properly filed under 28 U.S.C. § 2255. (Emphasis added).[5]

VI. A Review of Petitioner's Trial Counsel's Declaration During the Trial and also During the Evidentiary Hearing Conducted October 8, 2008

A review of the petitioner's trial counsel's declaration and testimony at the hearing conducted on October 8, 2008 clearly indicate that his strategy in connection with the defense of the petitioner was based on the premise, consistent with the use of the conjunction "and" in the superceding indictment, that the government had to prove both possession of the cocaine and conduct on the part of the petitioner to subsequently distribute the cocaine.

After the Court had read the final jury instructions prior to final argument and before it issued the supplemental jury instruction, it conferred with counsel at the government attorney's request. During that conference, counsel for the petitioner expressed his belief that the government was required to prove both possession with intent to distribute and distribution

---

[5] *United States v. Gonzalez,* 501 F.3d 630, 643-44 (6th Cir. 2007).

9

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

because of the use of the conjunction "and" as set forth in the superseding indictment.

Petitioner's trial counsel's statement follow:[6]

>DUBYAK: Judge, I – please, please help me, but as I read the superseding indictment it says "Possess with intent to distribute and did distribute."
>
>It doesn't say "Or distribute it."
>
>THE COURT: Well, the point made by counsel for the government is they have to charge that in the conjunctive and as opposed to "Or."
>
>I think that's the correct reading of the law.
>
>MR. DUBYAK: That doesn't make any sense, Your Honor.
>
>You still have to distribute the drugs. That's what the indictment is.
>
>MR. BECKER: No.
>
>MR. DUBYAK: As you said earlier, there was no distribution.
>
>MR. BECKER: Often what happens is --
>
>MR. DUBYAK; That's how we've proceeded in defending this case.
>
>It's not the alternative.

During the evidentiary hearing conducted on October 8, 2008 petitioner's trial counsel's relevant testimony follows:[7]

>MR. FRIEDMAN: Knowing that now and knowing that you got

---

[6] Document 85, Transcript of Trial Proceedings, p. 261, line 25 - p. 262, line 18.

[7] Document 121, Transcript of Evidentiary Hearing, p. 11, line 3 - p. 12, line 9.

10

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

>the jury instructions to the court on the issue of the indictment, whether as conjunctive or disjunctive; in other words, whether they had to prove either or or both or one, how did you – how did you interpret that?  Were you surprised when the court indicated to you when he – if you can recall, when he indicated to you during the course of sharing with you the jury instructions that the government did not have to show actual distribution?
>
>A.  Well, I should give an explanation.
>
>Q.  Go ahead.
>
>A.  I believe what happened is that the – this is my recollection, is that the jury, proposed jury instructions were prepared by the government, and, you know, I raised the issue.  I believe I raised the issue and saying that's not – that's the improper instruction which the U.S. attorney has proposed, and you should delete that – you know, you should --
>
>Q.  What portion?  Sorry for interrupting you.  What portion should the U.S. attorney delete, the mere possession part?
>
>A.  No, the distribution part.
>
>Q.  Because?
>
>A.  Because there wasn't any distribution here, and so I raised – I believe I raised it with the court.  I raised it with the court and I believe the court said, you know, looked to the U.S. attorney and the U.S. attorney said, no, no, there's a Sixth Circuit case that says that, and I am not sure of this, but I believe that we – we may have even stopped momentarily so that the U.S. attorney could get the case law.  Now, I am not certain of that part.  Maybe I'm mixing it up with something else.

Later, the following testimony developed:[8]

>Q.  Mr. Dubyak, having heard what you've heard up to this point,

---

[8] Document 121, Transcript of Evidentiary Hearing, p. 23, lines 3-22.

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

>let me ask you this question; that is, when the court instructed – ultimately instructed the jury that the government had to either prove that the defendant possessed with intent to distribute or distributed 50 grams of cocaine or more, how did that impact – well, you were at your closing argument time, how did that impact your approach to your case?
>
>A. Well, it certainly changed what my final argument was going to be, and it certainly affected it that way, and, you know, I went through the entire trial believing that – you know, because I recognize that the original indictment and the superseding indictment were different, and, you know, I strategized and made some decision based upon that – you know, the superseding indictment didn't have the same language that the indictment had.
>
>Q. Okay, so it is your testimony that it did impact your ability in your closing argument to make the argument you sought to do?
>
>A. Absolutely.

Against the background of the confusion regarding the conjunction "and," the Court finds that "[i]t is well settled law than an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively. Upon the trial, the government may prove and the trial judge may instruct the disjunctive form used in the statute." *United States v. McAuliffe*, 490 F.3d 526, 534 (6th Cir. 2007) (quoting *United States v. Murph*, 707 F.2d 895, 896 (6th Cir. 1983)).

The opening paragraph in Judge Gilman's opinion affirming the conviction, but remanding for re-sentencing, captures the essence of the case as Judge Gilman opined:

>Jomill Gonzalez was convicted by a federal jury of possessing cocaine with the intent to distribute the drug in connection with a planned sale that took place on August 10, 2005. Gonzalez had driven to the sale in a car owned by one of his codefendants that

12

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

>contained approximately one kilogram of cocaine hidden in a
>secret compartment. His defense at trial, however, was that he was
>unaware of either the cocaine or the intended sale. In response, the
>government presented witnesses who testified regarding
>Gonzalez's involvement in the specific transaction charged as well
>as in a broader uncharged drug conspiracy that had previously
>involved only two-ounce (59.7 gram) sales of cocaine. The district
>court sentenced Gonzalez based on the two-ounce quantity because
>the court determined that that amount was all that he should have
>reasonably foreseen would be involved in the August 10
>transaction.[9]

A subsequent more detailed review of the evidence in Judge Gilman's opinion under the heading of Factual Background at pages 633-635 demonstrates that the petitioner, on the day of the sale to the informant of approximately one kilogram of cocaine, was driving a car other than his own; that the car had a secret compartment from which another defendant removed the cocaine and the petitioner remained in the car while the other defendants completed the delivery. It was against that background that petitioner's counsel believed that the government could not establish a knowing delivery of the cocaine.

## VII. Relevant Case Law

The issue of whether a defendant has been denied the effective assistance of counsel in connection with either a conviction or a sentence remains an inquiry in countless cases. A study of relevant case must, of necessity, begin with the landmark decision in *Strickland v. Washington,* 466 U.S. 668 (l984). A defendant raising an ineffective assistance of counsel must establish, not only the fact of ineffective assistance of counsel, but also that the "effective

---

[9] *United States of America v. Gonzalez,* 501 F.3d 630, 632 (6th Cir. 2007).

13

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

assistance" could have resulted in a different outcome.

The duty to provide effective assistance of counsel includes a duty to investigate, *Kimmelman v. Morrison*, 477 U.S. 365, 384 (l986), *Bigelow v. Williams,* 367 F. 3d 562, 570 (6th Cir. 2004). The duty also requires an understanding of the applicable law in the case.

Counsel for the petitioner argues that the decision in *United States v. Cronic,* 466 U.S. 648 (1984) and its progeny applies in this case.[10] *Cronic* established the concept of *per se* ineffectiveness of defendant's counsel negating the *Strickland* necessity to establish that the ineffectiveness of counsel prejudiced the defendant by showing the deficient performance prejudiced the defendant by showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[11] Usually, the issue of a *Cronic* application is presented to a judge or judges who did not participate in the actual trial. In this case, the undersigned was the trial judge.

VIII. Conclusion

After reviewing the transcript of the trial, the confusion resulting from the modification in the superceding indictment, the late discovery by petitioner's counsel of the absence of a need by the government to establish both possession and distribution of the cocaine, and considering the nuances of the trial proceeding, the Court concludes that adversary process in this case was

---

[10] *Bell v. Cone,* 535 U.S. 685 (2002), *Quintero v. Bell*, 125 S.Ct. 2240 (2005).

[11] The government in its post-hearing brief argues that the performance of petitioner's counsel at trial does not warrant application of *Cronic's* per se ineffective assistance of counsel, citing in support *Rickman v. Bell,* 131 F. 3d 1150 (6th Cir. 1997) (per se ineffective assistance applicable where trial counsel's behavior is shocking and professionally outrageous).

14

(1:08 CV 1555
Crim. Case No. 1:05 CR 434)

presumptively unreliable. *Cronic* at 659. Accordingly, the Court finds that the petitioner's trial counsel's conduct constitutes a *per se* denial of the effective assistance of counsel. The writ is granted. By separate order, the petitioner's previous conviction and sentence will be vacated and a new trial ordered. The United States Marshal will be directed to return the petitioner to this Court by Monday, December 15, 2008. At that time, the Court will determine a date for the new trial and consider an application for bond.        IT IS SO ORDERED.

| | |
|---|---|
|   December 5, 2008 |   */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |